## Case No. 10,090.

### In re NEILSON.

[7 N. B. R. 505.] [1]

District Court, E. D. Michigan.

PRACTICE IN BANKRUPTCY—MOTION TO SET ASIDE DEFAULT—WHEN TOO LATE.

A bankrupt moved to set aside his default for not appearing on the return day of the order to show cause why he should not be declared a bankrupt. on the ground that the debt of the petitioning creditor was not provable. as it was based wholly upon the sale of intoxicating liquors and therefore void. Held, that the motion

---

[1] [Reprinted by permission.]

comes too late and without any excuse being offered or pretended for the delay; that the defense when made by the debtor himself founded as it is in a violation of the law, is not to be favored by the courts.

[Cited in Re Meade, Case No. 9,370.]

Motion by the bankrupt [J. Neilson] to set aside his default for not appearing to the order to show cause why he should not be declared a bankrupt, and the adjudication thereon on the grounds: 1. For want of service of the order. and, 2. That the debt of the petitioning creditor is not provable.

Mr. Brownson (Van Dyke & B.), for the motion.

H. M. Duffield (D. B. & H. M. D.), opposed.

LONGYEAR, District Judge. The first ground of motion is abandoned and the motion is left to rest entirely on the second. The ground of motion is based upon the following statement in Neilson's affidavit: "That he has a good and substantial defense to the said petition, the claim therein mentioned being wholly based upon the sale of intoxicating liquors, and therefore void." This defense, when made by the debtor himself, founded as it is in a violation of the law by himself, is not one to be favored by the courts. especially when it is considered that except in a few isolated instances the law is practically a dead letter upon the statute book. And hence, while this court holds itself bound to enforce that law in all cases which are brought within its letter, it will insist in all cases that the facts must be laid before it fully and particularly, in order that the court may see that the case comes within the law. All debts or claims founded upon the sale of intoxicating liquors are not void by the statute. Hence, the statement of the simple fact that the claim is founded upon a sale of intoxicating liquors is not sufficient. The facts of the sale must be stated in order that the court may see that the case comes within the statute. This is not done, and hence the affidavit is entirely and fatally defective.

But there is another full and complete answer to this motion, and that is the delay in making it, without any excuse being offered or even pretended therefor. Adjudication passed on the 6th of November, 1872. Neilson had legal personal notice of that fact on the 8th. On the 9th he furnished the messenger the list of his creditors, as required by the act. On the 12th the case was duly referred to the register, and it is not until the 19th that this motion is made. Under these circumstances the motion comes too late, and could in no case be entertained without the most ample and satisfactory excuse for the delay, and especially so in view of the character of the defense proposed to be made as indicated in Neilson's affidavit. The motion is denied.